## PEASE v. BENNETT & a.

One who has proved his claim against the estate of a bankrupt in the U. S.
District Court cannot prosecute it in this court, although afterwards ex-
punged upon contestation of the assignee, or debtor, according to the
bankrupt law.

The court in such case will, after verdict, upon motion, perpetually enjoin
further proceedings in the cause.

ASSUMPSIT.   A verdict had been rendered for the plain-
tiff in the court of common pleas, and the case had been
transferred to this court upon a motion  to  set the verdict
aside, founded upon exceptions taken at the trial.

Afterwards, at the December term  of  this court, in
1843, the defendants submitted  the  following  motion, to
wit: " The defendants severally move the court here to
stay further proceedings in said action, for the reason that
the defendants severally  had, on  due  proceedings, as
by law prescribed, been duly declared bankrupts; and
said Pease afterwards, to wit, on the 27th day of July,
1842, filed his said claim in the office of the clerk of the
United States district court for New-Hampshire district,
having prior thereto, to wit, on the 26th day of July, 1842,
proved his said claim, with other claims, against the seve-
ral defendants, before a commissioner of said district
court, by his own corporal oath; and the assignee of said
several defendants, having, on due proceedings in said
court, moved to have the proof of said debt expunged
and the debt wholly disallowed; and the said district
court afterwards, to wit, at a court holden at Portsmouth,
in said district, on the twentieth day of September, 1843,
in a due course of law, having ordered said proof to be
expunged, and the claim wholly disallowed."

*Bell,* for the plaintiff.   There was no judgment in the
district court, nor any trial of the cause upon its merits.

Pease *v.* Bennett.

The proof of a debt in the district court, intended by the bankrupt law, is such a proof as will entitle the party proving it to a dividend of the bankrupt's estate.

A proof of the debt, followed by a decree vacating or expunging the same, does not entitle the party to such a dividend, and he is reinstated by such a decree to the position of one who has made no proof, and who is not deprived of any of the remedies to which he would otherwise have been entitled, for prosecuting and securing his claim.

*Dearborn* and *Bartlett*, for the defendants. Proof of the debt brings the whole matter within the jurisdiction of the district court, whose judgment is binding, whether for or against the validity of the claim presented.

Woods, J. This is a motion by the defendants to stay further proceedings in the action, *Pease* v. *Bennett* and others, in which a verdict was rendered for the plaintiff, Pease, in this county, at the September term of the court of common pleas, in 1842.

It was an action of assumpsit, for money paid, laid out and expended, and the grounds of the application are, that prior to July 26, 1842, the defendants, on due application to the United States district court for the district of New-Hampshire, had been duly declared bankrupts.

That on the 26th day of July, 1842, the plaintiff Pease, by his own oath, proved his claim before a commissioner of the district court, authorized by law to take proof of claims in such cases, and on the 27th day of the same month filed his claim, and the proof so taken, in the office of the clerk of that court.

Afterwards, the assignees of the defendants, on due proceedings had and instituted in the district court, procured the proof of the claim to be vacated, and the claim to be disallowed. It is conceded, upon the argument,

that Pease did not appear and maintain his claim against the contestation set up, but that the defendants did appear, and, on proof made, caused it to be disallowed.

Upon this state of facts the court is called on to stay further proceedings in this case by a perpetual injunction.

By the fifth section of the United States bankrupt law provision is made for the proof of debts and other claims against the estates of bankrupts; and among other things it is provided that " no creditor or other person coming in and proving his debt or other claim, shall be allowed to maintain any suit at law or in equity therefor, but shall be deemed thereby to have waived all right of action and suit against such bankrupt; and all proceedings already commenced, and all unsatisfied judgments already obtained thereon, shall be deemed to be surrendered thereby." And in the seventh section it is provided, that " such proofs of debts and other claims shall be open to contestation in the proper court having jurisdiction over the proceedings in the particular case in bankruptcy."

The terms of the law are very plain, that the proof of the claim in the district court amounts to a waiver of all right of action upon the claim in another court, and to a surrender of all proceedings previously commenced, and all unsatisfied judgments. The only question, so far as the jurisdiction is concerned, is, whether the vacating of the proof by further proceedings in the district court, revives the right of the party, previously existing, to prosecute elsewhere, either by fresh proceedings, or by renewed action in such as had been set on foot.

The words of the law seem to be rather plain and explicit upon this point also; for while it provides for the manner of proof, and settles the effect of it, it also declares that such proof shall be open to contestation in the court having jurisdiction of the particular case in bankruptcy. It also defines the mode in which this contestation shall be brought to the arbitrament of the jury.

Pease *v.* Bennett.

It would be unreasonable, and contrary to the spirit of the law and to the analogies which it furnishes, to permit a party who has chosen a forum for the prosecution of his claim, and availed himself of the facilities which it offers him for the trial of its merits, including a jury, to determine such issues of fact as may arise, to refuse to abide by the results of his own proceedings; but, on the contrary, to renounce the jurisdiction of his own choice, and seek to experiment for redress in another. And it is the same thing, whether he has availed himself of the means furnished in that jurisdiction for making good his demand, or has declined their benefits.

The reasonable construction of the statute itself, and the analogies of the law, concur in requiring us to consider this voluntary proceeding of the plaintiff, in submitting his claim to the cognizance of the district court, sufficient to bind him to all the ordinary consequences of such an act. The decree of the district court, in expunging or vacating his proof of debt, is an ordinary and legal consequence of making proof of it. It is in the nature of a judgment, and is binding upon all parties to it. Had the result of the contestation instituted by the bankrupts, or their assignee, been different, the plaintiff here would have been entitled, beyond a doubt, to his dividend of the effects of the bankrupt.

We can entertain no doubt that by the statute the effect of the plaintiff's proof of his claim was a " surrender " of this action. It devolves upon courts to enforce that surrender in some proper manner — the statute itself not having in terms pointed out any. An effectual mode would seem to be to grant the motion here made by the defendants; and there seems to be no substantial objection to it.

*Perpetual injunction decreed.*